JONATHAN A. TAND & ASSOCIATES, P.C.
990 Stewart Avenue, Suite 225
Garden City, New York 11530
(516) 393-9151

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CLIFTON BRADLEY,

|  | Plaintiff, | Index No.: |
|---|---|---|

-against -                                            **VERIFIED COMPLAINT**

THE NEW YORK CITY DEPARTMENT OF EDUCATION,          *JURY TRIAL DEMANDED*
and DAVID FANNING,
Individually and in his Official Capacity,

Defendants.
-------------------------------------------------------------------------X

Plaintiff, **CLIFTON BRADLEY**, by and through his attorneys, JONATHAN A. TAND &

ASSOCIATES, P.C., respectfully alleges, upon knowledge as to himself and his own actions, and

upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Clifton Bradley is a 64-year old African-American male. After a successful twenty-

    three (23) year corporate career, Mr. Bradley began a new career as an educator. Since this

    transition eleven (11) years ago, Mr. Bradley has served as a math special education teacher at

    A. Philip Randolph Campus High School (hereinafter referred to as the "School"), part of

Defendant New York City Department of Education. In the first ten (10) years of his career with Defendant, Mr. Bradley was appropriately rated "satisfactory" by his various supervisors.

2.  However, following the hiring of David Fanning as the new principal of the School, Mr. Brandley became the target of unwarranted and unjustified accusations following Mr. Bradley undertaking activities protected by law and directed at the safety and welfare of others, including his own elderly mother and students. Indeed, the blatant discrimination of Mr. Bradley culminated in termination proceedings being levied against him. Astoundingly, the callous disregard David Fanning felt towards Mr. Bradley's career as an educator went so far that the principal felt compelled to hum Christmas carols while testifying during the termination proceedings.

3.  As more fully set forth below, this is a civil action seeking equitable relief, compensatory and punitive damages, costs, and attorneys' fees, brought forth pursuant to 42 U.S.C. §1983, to redress violations of Mr. Bradley's rights to equal protection and due process as guaranteed under the Fourteenth Amendment to the United States Constitution; violations of the Plaintiff's rights to free speech and to petition the government to redress grievances as guaranteed under the First Amendment to the United States Constitution and Article 1 Section 8 of the New York State Constitution; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the New York State Human Rights Law, Executive Law Section § 290 *et seq.* ("NYSHRL"); the New York City Human Rights Law ("NYCHRL"); and all other appropriate rules, regulations, statutes and ordinances.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5. The unlawful practices alleged herein were committed within the State of New York, County of New York. Accordingly, this action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391.

6. On or about September 18, 2015, Plaintiffs served a Notice of Claim upon Defendant New York City Department of Education which was given claim number 2015PI26960 on September 23, 2015. Accordingly, the present action is being commenced within one year and ninety days of the subject occurrence.

## PARTIES

7. Plaintiff, CLIFTON BRADLEY (hereinafter referred to as "Plaintiff"), is a sixty-four (64) year old African-American male and a resident and domiciliary of New York County. At all relevant times herein, Plaintiff was an "employee" of Defendant NEW YORK CITY DEPARTMENT OF EDUCATION as defined by all relevant statutes.

8. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION (hereinafter referred to as the "DOE") is a municipal corporation incorporated under the laws of the State of New York, which is in charge of all public schools in the City of New York. Its headquarters are located at 52 Chambers Street, New York, NY 10007. At all relevant times herein, the DOE was Plaintiff's "employer" as that term is defined by all relevant statutes.

9.  Defendant DAVID FANNING (hereinafter referred to as "Fanning"), at all relevant times herein, was and still is the Principal of the A. Phillip Randolph Campus High School (hereinafter referred to as the "School") located at 443 West 135th Street, New York, New York 10031. At all relevant times herein Fanning was Plaintiff's direct supervisor. Accordingly, Fanning was Plaintiff's "employer" as that term is defined by all relevant statutes. As set forth below, the individually named Defendant endorsed and directly participated in the discriminatory conduct against the Plaintiff.

## FACTUAL ALLEGATIONS

10. Plaintiff commenced his employment as a special education teacher in 2003 at the A. Philip Randolph Campus High School (hereinafter referred to as the "School"), part of Defendant DOE.

11. Over the course of his career with the DOE, Plaintiff routinely proved himself a dedicated, capable, and loyal employee. Indeed, for the first ten (10) years of Plaintiff's career with the DOE, he was rated "Satisfactory" by his various supervisors.

12. The 2012-2013 school year brought with it a new principal to the School, Defendant Fanning.

13. Upon information and belief, Fanning and the School's administration began targeting Plaintiff through unfair and unwarranted negative treatment shorty after Plaintiff began to exercise his statutorily protected ability to take time from work to care for his elderly and ill mother and for his having spoken out on matters of public concern within the school.

14. The adverse and hostile atmosphere which Plaintiff was subjected to culminated in the attempted termination of Plaintiff from employment with the DOE and still continues.

4

*Plaintiff' Exercise of the Family and Medical Leave Act*

15. During the 2013-2014 school year, Plaintiff was sadly forced to request time off during Fanning's early tenure with the School in order to take care of his elderly and ill mother.

16. By way of example, Plaintiff was required to escort his mother to emergency medical appointments or to respond to several emergency calls when she fell.

17. A day or two after the occasions Plaintiff would return from caring for his ill mother, Fanning called Plaintiff into meetings.

18. At these meetings, Fanning and/or members of his administration would harass Plaintiff for his statutorily protected absences from the School.

19. Plaintiff's mother sadly passed away in May 2014.

20. As such, Plaintiff's exercise of his statutorily protected ability to care for his elderly mother thereafter placed him within Fanning's crosshairs.

21. Indeed, at a meeting held after Plaintiff left the School to care for his mother,

22. Further, as discussed in more detail below, Fanning and his administration began to retaliate against Plaintiff due in part to his care for his mother.

*Age Discrimination*

23. Following Plaintiff taking statutorily protected time away from the School, Fanning also began to subject Plaintiff to disparate treatment based upon his age.

24. By way of example, Fanning was continuously rude, disrespectful, and regularly raised his voice to Plaintiff.

5

25. Upon information and belief, Fanning does not treat Plaintiff's younger coworkers in a similar manner.

26. Indeed, Plaintiff's coworkers, all of whom are approximately thirty (30) years younger than Plaintiff, have each told Plaintiff that Fanning's treatment of Plaintiff is unique to the faculty and staff of the School, and that none of them personally have been disrespected in a similar manner.

### *Plaintiff Spoke Out on Matters of Public Concern*

27. Moreover, once Fanning assumed his position at the School, he began to take steps to reduce the presence of the security staff at the School.

28. As a direct consequence of Fanning's reduction of security staff, Plaintiff began to notice an increase in fights amongst students and other security events in the School.

29. Indeed, on several occasions, Plaintiff was compelled to become personally involved in breaking up student fights.

30. As a result of Plaintiff's assistance with the security issues facing the School, he was seriously injured while breaking up a student fight in November 2014.

31. Plaintiff continues to suffer and receive treatment for back and side pain as a result of this incident.

32. On numerous occasions, Plaintiff raised his concerns with members of the School's administration about the lack of security at the School and the danger it poses to students and staff alike.

33. However, the administration has failed to take any corrective actions regarding the danger at the school.

6

34. Similarly, Plaintiff also spoke out on matters of public concern regarding the welfare of the special education population at the School.

35. Specifically, following the arrival of Fanning, Plaintiff observed the removal of the Special Education Department as well as the removal of computers and other equipment purchases through a grant directed for the benefit of the special education population of the School.

36. Plaintiff raised his concerns with the School administration, but again the administration refused to correct the situation or otherwise discuss the matter with Plaintiff.

37. Plaintiff also spoke out about the administration's failure to provide proper teachers for the School's special education classes, thereby violating numerous students' Individualized Education Plans.

38. Specifically, in December, 2014 Plaintiff complained to Assistant Principal Rhonda Pekow (hereinafter "Pekow") about the administration's failure to provide a full-time math teacher for special education students in a 15:1 ratio setting.

39. Fanning and the School's administration refused to take action in response to Plaintiff's complaints.

### *Retaliation*

40. Fanning and his administration escalated the targeting of Plaintiff for harassment and retaliation, subjecting Plaintiff to a hostile work environment, in response to Plaintiff having spoken out on these matters of public concern and lawful actions under the Family and Medical Leave Act.

41. Indeed, Fanning, on several occasions, screamed at and berated Plaintiff for leaving his classroom to gather supplies for students and to make photocopies for a student test. At each

7

instance when Plaintiff left the classroom to do these activities, another teacher would remain in the room to monitor the students.

42. Further, Fanning and his administration, specifically Pekow (hereinafter referred to as "Pekow"), also began to penalize Plaintiff on frivolous charges of negative evaluations on October 9, 2013; November 25, 2013; March 14, 2014; April 3, 2014; October 2, 2014; October 30, 2014; May 4, 2015; and May 8, 2015.

43. Throughout these negative evaluations, Fanning and Pekow used the "Danielson" framework as the pretextual vehicle in an effort to portray Plaintiff negatively.

44. Indeed, at the beginning of the 2013-2014 school year, all DOE schools were required to adopt DOE's new teacher evaluation system which used the "Danielson" framework, which measures 22 teaching components, each on a four-point scale as follows: 4 – highly effective; 3 – effective; 2- developing; and 1 – ineffective.

45. All of these dates correspond to Fanning's administration, and, again, follow a long career of satisfactory work by Plaintiff prior to Fanning's appointment.

46. Defendants' effort culminated in the imposition of charges pursuant to New York Education Law §3020-a on or about June 22, 2015. The §3020-a charges can lead to a tenured teacher's termination.

47. The §3020-a charges levied against Plaintiff cited the aforementioned and frivolous negative evaluations.

48. Shortly thereafter, Plaintiff was suspended with pay effective June 24, 2015 and the additional salary which he earned as night school algebra teacher and class substitute teacher was denied him.

49. The disregard with which Fanning held for Plaintiff and his career as an educator were on full display during the §3020-a hearing. Indeed, Fanning proceeding to hum Christmas carols during his testimony.

50. Despite the concerted effort of Fanning and his administration to retaliate and terminate Plaintiff's employment through the §3020-a proceeding, on February 5, 2016, Hearing Officer Marc A. Winters threw out the charges against Plaintiff as unjustifiable for termination, restored Plaintiff to his former position, and expunged the charges from Plaintiff's record.

51. However, Defendants have continued to harass Plaintiff following the §3020-a decision.

52. Indeed, following a classroom observation of Plaintiff by an Assistant Principal, Fanning changed Plaintiff's rating on the observation based on illogical reasoning, citing that Plaintiff used the same lesson plan twice as though it was used in a single class, when in fact the lesson plan was used in different classes for different class periods.

53. In effect, this change in Plaintiff's observation rating lowered his score on the Danielson framework.

54. Moreover, despite multiple attempts made by Plaintiff to obtain his 2015-2016 Annual Performance Review on June 20, 2016, June 29, 2016, and July 6, 2016, and similar attempts made by his Union Chapter Leader, Myra Cruz, on July 4, 2016 and July 6, 2016, Defendants have withheld the review from Plaintiff.

55. Upon information received from Fanning, Plaintiff is the only educator at the School who had not received their rating under the 2015-2016 Annual Performance Review.

56. Further, as an enrollee of the DOE Online Open Market Transfer System, Plaintiff is able to apply and transfer to other schools from April to August.

57. Although Plaintiff has been approached to fill positions to interview for a positions in a high school, he was unable to interview for the position or be hired by those schools at that time because his 2015-2016 Annual Performance Review was withheld.

58. Plaintiff did not receive his 2015-2016 Annual Performance Review until July 7, 2016, which is signed by Fanning and dated June 26, 2016 after every other coworker similarly situated to Plaintiff had already received their review, a circumstance admitted to by Fanning

## CLAIMS FOR RELIEF

## AS AND FOR THE FIRST CAUSE OF ACTION

### *Violation of the Family and Medical Leave Act*

59. Plaintiff repeats and re-alleges each and every allegation contained herein.

60. By reason of the foregoing, Defendants have unlawfully retaliated as concerns his terms, conditions and privileges of employment, in that Defendants have created a hostile work environment, subjected Plaintiff to an atmosphere of adverse acts, and treated him disparately against Plaintiff for his statutorily protected exercise of leave in order to care for his elderly and ill mother in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

61. As a direct result of the Defendants' violation of the Family and Medical Leave Act, as alleged herein above, Plaintiff has suffered damages, which are set forth more fully below.

## AS AND FOR THE SECOND CAUSE OF ACTION

*Violation of the Fourteenth Amendment*
*Right to Equal Protection Pursuant to 42. U.S.C. § 1983*

62. Plaintiff repeats and re-alleges each and every allegation contained herein.

63. By reason of the foregoing, Defendants have unlawfully discriminated and retaliated against Plaintiff as concerns his terms, conditions and privileges of employment, in that Defendants created a hostile work environment, subjected Plaintiff to an atmosphere of adverse acts, and treated him disparately because Plaintiff made good-faith and lawful complaints on matters of public concern. These acts by Defendants are in violation of Plaintiff's right to Equal Protection and Due Process as guaranteed under the Fourteenth Amendment to the United States Constitution.

64. As a direct result of the Defendants' violation of Plaintiff's Fourteenth Amendment rights of Equal Protection and Due Process, as alleged herein above, Plaintiff has suffered damages, which are set forth more fully below.

## AS AND FOR A THIRD CAUSE OF ACTION

*Violation of the First Amendment*
*Right to Free Speech Pursuant to 42. U.S.C. § 1983*

65. Plaintiff repeats and re-alleges each and every allegation contained herein.

66. By reason of the foregoing, Defendants have unlawfully discriminated and retaliated against Plaintiff as concerns his terms, conditions and privileges of employment, in that Defendants created a hostile work environment, subjected Plaintiff to an atmosphere of adverse acts, and treated him disparately because Plaintiff made good-faith and lawful complaints on matters of

public concern as to the dangerous security situation at the School and the welfare of the School's special education population.  These acts by Defendant are in violation of Plaintiff's rights to free speech and to petition the government to redress grievances as guaranteed under the First Amendment to the United States Constitution.

67. As a direct result of the Defendants' violation of Plaintiff's First Amendment rights to freedom of speech, as alleged herein above, Plaintiff has suffered damages, which are set forth more fully below.

## AS AND FOR A FOURTH CAUSE OF ACTION

### *Violation of Article 1 Section 8 of the New York State Constitution*

68. Plaintiff repeats and re-alleges each and every allegation contained herein.

69. By reason of the foregoing, Defendants have unlawfully discriminated and retaliated against Plaintiff as concerns his terms, conditions and privileges of employment, in that Defendants created a hostile work environment, subjected Plaintiff to an atmosphere of adverse acts, and treated him disparately because Plaintiff made good-faith and lawful reports and grievances about the dangerous security situation at the School and the welfare of the School's special education population.  These acts by Defendants are in violation of Plaintiff's rights to free speech and to petition the government to redress grievances as guaranteed under Article 1 Section 8 of the New York State Constitution.

70. As a direct result of the Defendants' violation of Plaintiff's rights to freedom of speech pursuant to Article 1 Section 8 of the New York State Constitution, as alleged herein above, Plaintiff has suffered damages, which are set forth more fully below.

## AS AND FOR A FIFTH CAUSE OF ACTION

### *Discrimination in Violation of the NYSHRL and NYCHRL*

71. Plaintiff repeats and re-alleges each and every allegation contained herein.

72. By reason of the foregoing, the Defendants have unlawfully discriminated and retaliated against Plaintiff as concerns his terms, conditions and privileges of employment, in that Defendant has created a hostile work environment, subjected Plaintiff to an atmosphere of adverse acts, and treated him disparately because Plaintiff because he spoke out on matters of public concern as to the dangerous security situation at the School and the welfare of the School's special education population.  These acts by Defendants are in violation the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

73. As a direct result of the Defendants' violation of Plaintiff's rights the NYHRL and NYCHRL pursuant, as alleged herein above, Plaintiff has suffered damages, which are set forth more fully below.

## AS AND FOR A SIXTH CAUSE OF ACTION

### *Discrimination Based Upon Plaintiff's Age in Violation of the NYHRL and NYCHRL*

74. Plaintiff repeats and re-alleges each and every allegation contained herein.

75. By reason of the foregoing, the Defendants have unlawfully discriminated and retaliated against Plaintiff as concerns his terms, conditions and privileges of employment, in that Defendant has created a hostile work environment, subjected Plaintiff to an atmosphere of adverse acts, and treated him disparately from his similarly situated younger coworkers

13

because Plaintiff's age.  These acts by Defendants are in violation the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

76. As a direct result of the Defendants' violation of Plaintiff's rights pursuant to the NYSHRL and NYCHRL, as alleged herein above, Plaintiff has suffered damages, which are set forth more fully below.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants for all compensatory, emotional, psychological and punitive damages, lost compensation, front pay, back pay, bonus pay, liquidated damage, injunctive relief, and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that the Court grant the Plaintiff any other relief to which he is entitled, including but not limited to:

1. Awarding reasonable attorney's fees and the costs and disbursements of this action;

2. Granting such other and further relief that to the Court seems just and proper.

**Further,** Plaintiff demands a trial by jury.

Dated: August 26, 2016
        Garden City, New York                    Respectfully submitted,

                                                 JONATHAN A. TAND & ASSOCIATES, P.C.
                                                 *Attorneys for Plaintiff Clifton Bradley*


                                      By:
                                                 Jonathan A. Tand (JT-1548)
                                                 990 Stewart Avenue, Suite 225
                                                 Garden City, New York 11530
                                                 T: (516) 393-9151
                                                 F: (516) 280-7528
                                                 E: jtand@tandandassociates.com

14

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK    )
                                 ) ss.:
COUNTY OF NASSAU    )

Clifton Bradley, being duly sworn, states that he has reviewed the foregoing Complaint and that the contents of said Complaint are true to his own knowledge, except in matters stated to be alleged upon information and belief, and, as to those matters, he believes them to be true.

CLIFTON BRADLEY

Duly sworn before me
this _16_ day of _August_, 2016

NOTARY PUBLIC

THOMAS M MORELLI
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MO6287502
Qualified in Queens County
My Commission Expires August 12, 201?

15